IN THE MATTER OF THE MOTION TO QUASH THE PANEL OF PETIT JURORS FOR NEW CASTLE COUNTY.

*Number of Names to be Deposited in Boxes—How Drawn—Petition to Quash Panel—Jurors—Panel Quashed—Others Selected by the Court.*

It appearing to the Court that the number of names of persons to serve as peti jurors which the law requires to be deposited in the jury boxes had not been so deposited, for that and other reasons stated in the petition to quash the panel, it was *held* that the jurors were not legally drawn. The panel was therefore quashed, and the Court proceeded to select from the list of taxable citizens of the county the names of persons to serve as jurors for the term.

(*May Term 1901.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

Court of General Sessions, New Castle County May Term, 1901.

The petition and motion of Herbert H. Ward, Attorney-General of the State of Delaware, and in behalf of said State, respectfully represents:

That the Levy Court Commissioners for the County of New Castle, at their annual session in March, selected from the list of taxable citizens of such county the names of certain sober and judicious persons, to serve (if summoned) as petit jurors at and through the next term of the Superior Court and the Court of General Sessions of said County.  That it was the duty of said Levy Court Commissioners then and there to select three hundred sober and judicious persons, in such proportion for each hundred of the County as such Levy Court Commissioners should deem proper, to serve (if summoned) as such petit jurors, to deposit the names of such persons in boxes prepared for such purpose, thereupon to lock the said boxes and deliver the same to the Prothonotary, and the keys of said boxes to the Clerk of the Peace of said county, to preserve the lists of the persons so selected for such petit jurors, and to deliver to the said Prothonotary, with the boxes aforesaid, copies of said lists, signed by the Chairman of the Court and countersigned by the Clerk thereof, showing the number selected from each Hundred.

That on the thirtieth day of March, 1901, the said Levy Court Commissioners delivered to the Prothonotary of New Castle County the boxes containing the names of said petit jurors, with the said list of said petit jurors locked in said boxes, the said Prothonotary having no key to said boxes, but said boxes, when so delivered as aforesaid, contained, not three hundred names of persons selected to serve (if summoned) as such petit jurors, but only two hundred and ninety-six of said persons, and the certified list contained in said boxes contained only the said number of two hundred and ninety-six names of persons to serve, if summoned, as such petit jurors. That upon the receipt of said boxes, Frank L. Speakman, the said Prothonotary of New Castle County, and Winfield S. Quigley the said Clerk of the Peace of said County, opened said petit jury boxes

and took out the certified lists of the names of said petit jurors, so as aforesaid locked within said petit jury boxes.

That on the seventeenth day of April, A. D. 1901, the said Levy Court Commissioners demanded that said petit jury boxes and said lists should be returned to them, whereupon the said Prothonotary delivered the said petit jury boxes and the said accompanying lists of names of said proposed petit jurors, to the said Levy Court Commissioners.

That on the said seventeenth day of April, A. D. 1901, the said petit jury boxes were returned by said Levy Court Commissioners to the said Prothonotary, together with the certified list of the names of the persons to serve as such petit jurors and closed and locked in the said petit jury boxes. That the said petit jury boxes, when so secondarily returned as aforesaid and the said lists accompanying the same, contained the names of three hundred and eight persons to serve as petit jurors, if summoned, as aforesaid.

That on the 20th day of April, 1901, the said Levy Court Commissioners again demanded to have re-delivered to them the said petit jury boxes, and later in the same day re-delivered said boxes to said Prothonotary, together with lists, purporting to contain three hundred names of persons to serve, if summoned, as such petit jurors. That thereupon the said Prothonotary and the said Clerk of the Peace opened said boxes and took out the said certified lists of names of persons to serve, if summoned, as such petit jurors, and ascertained that, although the said number of three hundred names of persons had been certified as persons to serve as such petit jurors, there were, in fact, but two hundred and ninety-nine names in said petit jury boxes, one, Charles F. Walton, of Pencader Hundred, having been certified as contained in said boxes, but the name of the said Charles F. Walton did not appear, in fact, to be in said boxes. That one William T. Vail, of Red Lion Hundred, was certified twice upon said lists as a person selected to serve as such petit juror, and the name of the said William T. Vail was upon two ballots in said boxes. That your petitioner is informed and believes that the name of William T. Vail, although twice appear-

ing on the said lists and upon the ballots in said boxes is, in fact, a single person, and that consequently the said petit jury boxes actually contained the names of only two hundred and ninety-eight persons selected to serve as said petit jurors, if summoned, as aforesaid.

That the said lists of names of said persons selected to serve as petit jurors as aforesaid, if summoned, were, with the exceptions hereinafter specified, all certified as of some date in March during the required stated meetings of the said Levy Court Commissioners in the said month of March, but that the said certified lists for the Hundreds of Brandywine, Christiana and Mill Creek, were certified as of the seventeeeth day of April, 1901. That the said certified lists returned on the seventeeth day of April, 1901, as aforesasd, together with the petit jury boxes as aforesaid, for the said hundreds of Brandywine, Christiana and Mill Creek, had been changed by the striking from the said list for Brandywine Hundred four names from the said list from Christiana Hundred two names, and from the said list of Mill Creek Hundred two names, and there being no recertification of said lists for said three last-mentioned Hundreds after said alteration as aforesaid.

That at the instance of Horace Greely Knowles, Esq., and by notices signed by the said Horace Greely Knowles, Attorney for said Levy Court Commissioners, a meeting of said Levy Court Commissioners was attempted to be called and held upon the said twentieth day of April, A. D. 1901. That the notices upon which said meeting of the Levy Court Commissioners was attempted to be called and held as aforesaid were delivered to the members of the said Levy Court for the purpose of calling said meeting not earlier than Wednesday the seventeenth day of April 1901, being three days before the day upon which said meeting was attempted to be held as aforesaid. That said meeting of the twentieth day of April, 1901, was not called according to the statute in that behalf, neither as to the person calling the same, nor as to the time of notice required by said statute. That of the seven qualified Levy Court Commissioners for said County, Philemma Chandler, one of said

Commissioners, declined to attend said meeting and was not present thereat, upon the ground that the said meeting was not legal; and Merritt N. Willits and Isaac C. Elliott, although attending said meeting, openly protested against holding the said meeting on the said day under the circumstances aforesaid, on the ground that said meeting was illegal. That notwithstanding the facts aforesaid, the four remaining members of the said Levy Court Commissioners, to wit, John G. Armstrong, John J. Mealey, John Lynn and Charles Megginson, proceeded to hold such pretended meeting, and arbitrarily struck off eight names from the petit jury lists of said three named hundreds of New Castle County, and withdrew the names of said persons, so stricken from said lists, from the said boxes. That thereupon the said four Levy Court Commissioners, acting as aforesaid, deposited said petit jury lists and names in said boxes, so then and there, as aforesaid, enclosed said certified lists within said boxes and locked the same therein, and returned the said boxes to said Prothonotary as aforesaid, and the key thereof to the said Clerk of the Peace.

That the said certified lists so returned in said boxes, and said boxes, on the said twentieth day of April, 1901, did not contain three hundred names of sober and judicious persons of said County, to serve, if summoned, as petit jurors as aforesaid, but only the names of two hundred and ninety-eight of such persons.

That thereafter, on said twentieth day of April, 1901, the Prothonotary and the said Clerk of the Peace proceeded to draw thirty names out of the said petit jury boxes, to serve as petit jurors for the ensuing term of the Superior Court and the Court of General Sessions for said County, which said thirty names were thereafter summoned by the sheriff of said county and duly returned so summoned, to serve as petit jurors at the present May Term of the said Court of General Sessions, and are now present at said Court to serve as such petit jurors.

That for the reasons aforesaid, and because the said petit jurors were never legally drawn to serve as petit jurors as aforesaid, your petitioner now moves the Court that the said panel of petit jurors,

so returned as summoned to this May Term of Court, and so attending said Court for such purpose, may be quashed.

H. H. WARD,

*Attorney-General.*

(Attached to the above petition was an affidavit signed by Frank L. Speakman and Winfield S. Quigley—Prothonotary and Clerk of the Peace, respectively, of said New Castle County,—setting forth " that they have read the facts set forth in the foregoing petition, and so far as said facts relate to their own acts and deeds, or the act and deed of either of them, the same are true; and so far as the facts relate to the act and deed of any other person they verily believe the same to be true.")

The Court thereupon, agreeably to the above petition and motion, ordered the panel of jurors to be quashed, and proceeded to select from the list of taxable citizens of New Castle County the names of three hundred sober and judicious persons, to serve, if summoned, as petit jurors at and through the said May Term, 1901, of the Superior Court and the Court of General Sessions of said County.